UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SKY ELEMENTS DRONE SHOWS, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No 4:24-CV-755 |
| | § § § § | |
| SKYWORX DRONE SHOWS, LLC | § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Sky Elements Drone Shows asserts claims against Defendant Skyworx for unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A) (Section 43(a)(1)(A) of the Lanham Act) and for unfair competition/passing off, and unjust enrichment under Texas law.

**I. PARTIES AND SERVICE**

1. Plaintiff Sky Elements Drone Shows ("Plaintiff" or "Sky Elements") is a Texas limited liability company with a principal place of business at 3819 Rufe Snow, Ste 203, North Richland Hills, Texas 76180. Plaintiff owns all right, title, and interest in and to the marks used by its licensees, including those described herein.

2. Defendant Skyworx Drone Shows, LLC ("Defendant" or "Skyworx") is a Delaware limited liability company with a principal place of business at Ste 226, 106 N. 6th Street, Boise, Idaho 83702. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(B), Skyworx may be served by delivering a copy of the summons and of the complaint to its appointed registered agent, if one can be located, or pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(h)(1)(A)-(B).

## II. JURISDICTION AND VENUE

3. This is an action for false advertising and unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. Section 1051, *et seq.*, including Section 1125(a)(1), as well as unfair competition, and unjust enrichment under Texas law.

4. This Court has original jurisdiction over the subject matter of any Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338. Further, there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, this Court also has jurisdiction under 28 U.S.C. § 1332(a)(1). This Court has subject-matter jurisdiction over the Texas state-law claims in this action under 28 U.S.C. § 1367, because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claim(s), at least a portion of which occurred in the State of Texas and this District.

5. The Court has personal jurisdiction over Skyworx because a substantial number of acts that are the subject Plaintiff's claims, including false advertising and unfair competition, were committed by Skyworx in the State of Texas and in this judicial district.

6. Under 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district because a substantial part of the events giving rise to the claims of this action occurred and are occurring in this judicial district. Venue is also proper under 28 U.S.C. § 1391(c)(2), because, upon information and belief, the Defendant Skyworx is registered as a Foreign For-Profit Corporation in the State of Texas. As set forth in more detail below, Skyworx has marketed its services to citizens of this State and, in particular, to citizens of this judicial district, through various forms of advertising and promotion, and other activities in this judicial district.

## III. FACTUAL BACKGROUND

7. Sky Elements is the leading unmanned aerial vehicle ("UAV" or "drone") light show provider in the United States, and one of the leading providers of drone light shows in the world. Through the use of FAA107 licensed drone pilots as well as the most up-to-date software and drones in the industry, it has safely and consistently provided entertainment to crowds and events across the United States and internationally.

8. Since its inception in 2021, Sky Elements has consistently represented itself with honesty and integrity regarding its capabilities and past performances in order to fairly and openly provide services to municipalities, counties, conventions, sporting events, and other events, even being certified by the Guinness Book of Records' recognition of the largest aerial sentence with drones in the United States on July 3, 2023, for its Fourth of July presentation in North Richland Hills, Texas, in this district and division.

9. Other companies attempt to compete with Sky Elements, which competition Sky Elements welcomes to make the industry—as a whole—better, safer, and more effective at entertaining audiences throughout the United States.

10. Many of Sky Elements' venues include municipalities that require closed bidding for the award of a contract for a drone light show. Just in calendar year 2024, Sky Elements has submitted competing bids against Defendant Skyworx in at least eight different cities for local shows.

11. Skyworx won bids for shows in Elgin, Illinois, and submitted bids for shows in Irving, Texas, and Garland, Texas.

12. By virtue of requests under the Freedom of Information Act ("FOIA"), Sky Elements has requested and received copies of materials submitted by Skyworx in response to

requests for bids in competition with Sky Elements. Much of this information is false, and as a result creates an unlevel playing field and unfair competitive environment for companies competing honestly to win contracts to provide drone light shows.

13. One of the most important aspects of drone light show selection is based on the experience of the providing company, in addition to the cost of the services offered.

14. Skyworx has repeatedly and consistently provided false and/or misleading statements in its attempt to obtain municipal contracts for drone light shows, including, but not limited to including suggestions that it was the actual provider of shows such as "VIVID SYDNEY," EDC Las Vegas, Louis Vuitton, and the Gold Cup Final. Upon information and belief, Skyworx was not the provider of these shows, and at most had tangential involvement.

15. Upon information and belief, the VIVID Sydney drone show was performed by @austTrafficNet, not Skyworx.

16. Upon information and belief, the EDC Las Vegas show in 2021 was performed by Verge Aero and Drone Stories, not Skyworx.

17. Upon information and belief, the Louis Vuitton show was performed by Verge Aero and Drone Stories, not Skyworx.

18. Upon information and belief, the EDC Las Vegas show in 2024 was performed by Verge Aero and Drone Stories, not Skyworx.

19. Skyworx also posts on its website, available at www.skyworx.com, that "The Walt Disney Company" stated that "our first partnership with Skyworx has gone viral with 1.9m organic outreach, outperforming anything we've recently posted on our channels." Upon information and belief, the show Skyworx references here is the Dr. Strange "Multiverse of Madness" promotion, which was performed the year prior to Skyworx's formation.

## IV. PLAINTIFF'S CAUSES OF ACTION

**A.     COUNT 1 – UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE DESCRIPTIONS IN VIOLATION OF LANHAM ACT § 43(A) (15 U.S.C. § 1125(A))**

20.     Sky Elements realleges all allegations contained in the foregoing paragraphs.

21.     Skyworx has engaged in commerce in the State of Texas and this Judicial District by responding to requests for proposals from at least the cities of Irving, Texas, and Garland, Texas.

22.     By virtue of its false and/or misleading claims regarding its experience, Skyworx has used and will likely continue to use in commerce statements, including words, terms, names, symbols, devices, or combinations thereof that represent a false or misleading description of fact, and/or a false or misleading representation of fact.

23.     Skyworx's continued use of false and/or misleading descriptions of fact and/or false or misleading representations of fact are likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection, or association of Skyworx with the actual performers of past drone light shows for which Skyworx claims credit, or as to the origin, sponsorship, or approval of Skyworx's goods, services and/or commercial activities.

24.     Skyworx's continued use of false and/or misleading descriptions of fact and/or false or misleading representations of fact in commercial advertising and/or promotion, misrepresents the nature, characteristics, and/or qualities of its goods, services, and/or commercial activities.

25.     Skyworx's continued use of false and/or misleading descriptions of fact and/or false or misleading representations of fact have damaged Sky Elements and will continue to damage Sky Elements if not enjoined by this Court.

**B.     COUNT 2 – TEXAS COMMON LAW UNFAIR COMPETITION**

26.     Sky Elements realleges all factual allegations contained in the foregoing paragraphs.

27.     Skyworx has engaged in commerce in the State of Texas and this Judicial District by responding to requests for proposals from at least the cities of Irving, Texas, and Garland, Texas.

28.     In those responses, through which Skyworx submitted bids to provide drone light show services, Skyworx made representations about its previous drone light shows and accomplishments that lead the public and municipalities to believe that Skyworx has experience and accomplishments that are either false or misleading regarding Skyworx's actual experience, their prior work history in providing drone light shows, and/or whether such drone light shows were originated by Skyworx, or that Skyworx was affiliated with, associated with, or had approval to make such representations by the actual performers of the drone light shows represented, including, but not limited to, the drone light shows listed in paragraphs 14 – 19, *supra*.

29.     Skyworx should be preliminarily and permanently enjoined from continuing to make such statements.

30.     As a result of Skyworx's unfair competition through its false and/or misleading misrepresentations and descriptions of fact, Sky Elements has been damaged by failing to win at least one bid that was awarded to Skyworx.

31.     Sky Elements is entitled, under Texas law, to recover its actual damages caused by Skyworx's unfair competition, and exemplary damages flowing from Skyworx's actions.

**C.     COUNT 3 — UNJUST ENRICHMENT UNDER TEXAS LAW**

32.     Sky Elements realleges the factual allegations contained in the foregoing paragraphs.

33.     As set forth above, Skyworx has unfairly competed with Sky Elements by making false and/or misleading statements of fact and/or misrepresented facts in an effort to bolster its experience, competence, and capabilities, and has received and is continuing to receive a direct pecuniary benefit from these unlawful acts. Skyworx has been unjustly enriched to Sky Elements' detriment. As a result, Sky Elements is entitled to recover the actual damages caused by Sky Work's unjust enrichment. Alternatively, or in addition thereto, Sky Elements is entitled to disgorgement of Sky Work's ill-gained and unjust profits.

**V. PRELIMINARY AND PERMANENT INJUNCTION**

34.     Sky Elements realleges the factual allegations contained in the foregoing paragraphs.

35.     Skyworx should be preliminarily enjoined for its ongoing unfair conduct under both the Lanham Act § 43 and Texas law.

36.     Skyworx should be *permanently* enjoined after a trial on the merits.[1]

37.     The scope of both the preliminary and permanent injunctions should be that Skyworx is prohibited from making any statements of past experience and performance of drone light shows that Skyworx is not directly responsible for, and should be prohibited from performing any shows it was awarded based on its unlawful violations of the Lanham Act and Texas law.

38.     Sky Elements is entitled to preliminary injunctive relief throughout the United

---

[1] Pursuant to Fed. R. Civ. P. 65(a)(2), "the court may advance the trial on the merits and consolidate it with the [preliminary injunction] hearing."

States because (1) it is substantially likely to succeed on the merits of its claims, including its claim for unfair competition under the Lanham Act and Texas law; (2) it will suffer immediate and irreparable injury in the absence of injunctive relief – injury for which it has no adequate remedy at law; (3) the balance of the equities is in Sky Elements' favor; and (4) the public interest would be served by a preliminary injunction.

## VI. REQUEST FOR RELIEF

For these reasons, Sky Elements respectfully asks the Court to:

a.  Issue a preliminary injunction in accordance with 15 U.S.C. § 1116(a), enjoining Skyworx and its officers, agents, servants, representatives, employees, and all those in active concert or participation with Skyworx from, at a minimum: (1) submitting any new bids or responses to any requests for proposal for the performance of drone shows to any person, company, municipality, state, county, parish, organization, corporation, or business that misrepresent Skyworx's experience, history, accomplishments, capabilities, and/or competence; (2) performing any drone light shows awarded based on its demonstrated false and/or misleading statements or misrepresentations of fact; (3) order the injunction throughout the United States of America; and (4) order Skyworx to inform any person, company, municipality, state, county, parish, organization, corporation, or business that it has been enjoined from the conduct contained in any such issued injunction.

b.  Enter an order that Skyworx has engaged in Unfair Competition in violation of the Lanham Act and Texas law.

c.  Order Skyworx to provide an accounting of all sales, revenues, and profits from Skyworx's unfair competition.

    d.       Enter and order that Skyworx has been unjustly enriched by its unfair competition.

    e.       Award to Sky Elements all of Skyworx's profits from the aforesaid acts of unfair competition and unjust enrichment.

    f.       Award to Sky Elements its actual, exemplary, and treble damages and/or any additional or other compensatory sum as the court shall find to just, according to the circumstances of the case, in accordance with Texas law and 15 U.S.C. § 1117.

    g.       Award to Sky Elements all costs of this action, according to the circumstances of the case, and in accordance with Texas law and 15 U.S.C. § 1117.

    h.       Find this case to be exceptional, declare Sky Elements to be the prevailing party, and award Sky Elements its reasonable attorneys' fees, according to the circumstances of the case, in accordance with 15 U.S.C. § 1117.

    i.       Issue a permanent injunction in accordance with Texas law and 15 U.S.C. § 1116, in accordance with the relief requested in paragraph (a), *supra*.

    j.       Direct Skyworx to file with the Court and serve on Sky Elements within thirty days after service of any injunction issued to Skyworx, a report in writing under oath setting forth in detail the how it has complied with the injunction, including a list of the dates, times, recipients, and location of all recipients of a copy of the injunction.

    k.       Award pre-judgment and post-judgment interest to Sky Elements in the maximum amount allowable.

    l.       Grant Sky Elements such other and further relief, at law or in equity, to which it is justly entitled.

Dated: August 8, 2024

                                        Respectfully submitted,

                                        */s/ Decker Cammack*
                                        Brian J. Smith
                                        Texas Bar No. _____
                                        bsmith@whitakerchalk.com
                                        Decker A. Cammack
                                        Texas Bar No. 24036311
                                        dcammack@whitakerchalk.com
                                        WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
                                        301 Commerce Street, Suite 3500
                                        Fort Worth, Texas 76102
                                        Tel: 817-878-0500


                                        **ATTORNEYS FOR PLAINTIFF**